**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MELISSA VACARRO,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>    Defendant. | Case No. 16-cv-03220-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA DIRECTED AT NETAPP INC. AND VACATING HEARING DATE**<br><br>[Re: ECF 24] |

Defendant Liberty Life Assurance Company of Boston moves to quash a subpoena issued by Plaintiff Melissa Vacarro on third party NetApp, Inc. The Court finds the motion to be appropriate for determination without oral argument and therefore VACATES the noticed hearing date of September 28, 2017. *See* Civ. L.R. 7-1(b). The motion is DENIED for the reasons discussed below.

Vacarro sues Liberty to recover long-term disability benefits ("LTD benefits") that she claims are due to her under a plan ("the Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Compl., ECF 1. Vacarro alleges that Liberty administered the Plan and funded benefits due under the Plan through a group insurance policy ("the Policy") issued to Vacarro's former employer, NetApp. *Id.* ¶¶ 5-6. The Policy defines two classes of participants: Class 1 participants include "CEO, President, Vice President, Corporate Officers, Directors, Managers and Engineers," while Class 2 participants include "All other Employees." *Id.* ¶ 8. Both classes of participants are entitled to LTD benefits if they are unable to perform their own occupation, but after twenty-four months Class 2 participants must show that they are unable to perform *any* occupation to continue receiving benefits.

Vacarro claims disability due to a brain impairment that prevents her from performing her prior occupation as NetApp's Global Leadership and Talent Development Program Manager. Compl. ¶¶ 11-14. Following her last day of work on April 29, 2015, she submitted a claim which

initially was approved. *Id.* ¶ 15. However, Vacarro filed this action in June 2016 after Liberty terminated her benefits and failed to respond to her administrative appeal. *Id.* ¶¶ 16-20. She claims that she is entitled to benefits as a Class 1 participant because she was a manager for NetApp. *Id.* ¶ 9. Liberty has reinstated Vacarro's LTD benefits, but it takes the position that she is a Class 2 participant. This lawsuit therefore has been narrowed to the issue of whether Vacarro is a Class 1 participant or a Class 2 participant. If the former, Vacarro need show only that she cannot perform her own occupation. If the latter, she must show that she cannot perform *any* occupation in order to continue receiving LTD benefits after the initial twenty-four month period.

In January 2017, Liberty and NetApp "provided an updated Policy" ("2017 Policy") which excludes Vacarro's prior occupation from the definition of Class 1 participants. Madrigal Decl. ¶¶ 7-10, ECF 24-1. Liberty takes the position that the 2017 Policy governs and forecloses Vacarro's claim that she is entitled to benefits as a Class 1 participant. Vacarro questions whether the change to the Policy complied with the Plan's amendment procedures. She also challenges application of the amendment to a claim submitted while the earlier Policy was in effect. She has issued a subpoena to NetApp seeking deposition testimony and documents relating to the changes made to the schedule of benefits in the Policy. Subpoena, Exh. 1 to Tucker Decl., ECF 24-10. Liberty moves to quash the subpoena.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The movant seeking to quash a subpoena bears the burden of persuasion." *Walker v. North Las Vegas Police Dep't*, No. 2:14-cv-01475-JAD-NJK, 2017 WL 1536212, at *1 (D. Nev. Apr. 27, 2017).

Neither party addresses the threshold question of Liberty's standing to move to quash a subpoena issued to a third party. The Ninth Circuit has not addressed the issue, but numerous district courts within the Ninth Circuit have held that "[a] party has standing to quash a subpoena issued to a third party only where the party asserts a legitimate privacy interest in the material

2

sought." *Allstate Ins. Co. v. Lighthouse Law P.S. Inc.*, No. C15-1976RSL, 2017 WL 497610, at *3 (W.D. Wash. Feb. 7, 2017) (internal quotation marks and citation omitted); *accord Garcia v. Strayhorn*, No. 3:13-cv-0807 BEN (KSC), 2015 WL 5535733, at *4 (S.D. Cal. Sept. 17, 2015) ("Ordinarily a party lacks standing to quash a subpoena issued to a third party, unless the party objecting claims a personal right or privilege with regard to the documents sought."); *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2013 WL 6184940, at *2 (D. Nev. Nov. 22, 2013) ("As a general rule, a party has no standing to seek to quash a subpoena issued to a non-party to the action. . . . Nonetheless, some courts have found that a party has standing to move to quash subpoenas where the party has some personal right or privilege in the documents sought.") (internal quotation marks and citations omitted). Liberty has not identified a privacy interest, personal right, or privilege in the information sought. Instead, Liberty argues that the subpoena seeks irrelevant information that cannot lead to admissible evidence. The motion to quash therefore is subject to denial for lack of standing.

Even if it were to consider Liberty's relevance argument, the Court would deny the motion to quash on the merits. "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Paws Up*, 2013 WL 6184940, at *4 (internal quotation marks and citation omitted). "Generally speaking, the Federal Rules allow parties to obtain discovery that is relevant to a claim or defense of any party." *Id.* at *2. The subpoena seeks information relevant to Liberty's defense based upon the amendment to the Policy. Whether the information obtained by means of the subpoena ultimately is admissible presents a question for another day. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

Accordingly, Liberty's motion to quash the subpoena issued to NetApp is DENIED.

IT IS SO ORDERED.

Dated: June 5, 2017

_____
BETH LABSON FREEMAN
United States District Judge

3